FILED

2016 NOV 15 PM 3:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS, CDCR #AX-5810, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF CALIFORNIA; RJDCF; CLARK KELSO; DR. JIN YU; DR. R. WALKER; DR. S. ROBERTS; M. GLYNN; DR. DAVID GULDOETH; J. LEWIS; D. VAN BUREN; DOES 1-10, <br><br> Defendants. | Case No.: 3:16-cv-01998-BEN-JLB <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** [Docket No. 3] <br><br> **(2) DISMISSING CLAIMS AND DEFENDANTS FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS** [Docket No. 1]; <br><br> **3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT ON REMAINING DEFENDANTS** |

Stephen Dragasits ("Plaintiff"), a prisoner incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. (Docket No. 1.) Plaintiff claims the State of California, several RJD health care officials, and a Deputy Director of the

CDCR's Health Care Services Appeals Branch, denied his Eighth and Fourteenth Amendment rights to medical treatment and due process while he has been incarcerated at RJD. Additionally, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP"). (Docket No. 3.)

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] See 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," Bruce v. Samuels, __ U.S. __, 136 S. Ct. 627, 629 (2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2); Bruce, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified copy of his prison trust account statements, as well as a prison certificate, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Andrews, 398 F.3d at 1119. These statements shows that Plaintiff had an available balance of zero at the time of filing. Therefore, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, the Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B) & 1915A

### A.   Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any filing fees, the PLRA also requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); see also Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); Wilhelm, 680 F.3d at 1121.

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. Id.; see also Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

///

"supply essential elements of claims that were not initially pled." <u>Ivey v. Bd. of Regents of the University of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

### B.  Plaintiff's Allegations

Plaintiff has filed a forty-one (41) page Complaint in which he names ten (10) defendants and attaches over 300 pages of exhibits. (Docket No. 1.) Plaintiff alleges that he suffers from several arthritic ailments as well as "syncope." (<u>Id.</u> at 26.) In his Complaint, plaintiff alleges that he filed a grievance on May 12, 2015 against his primary RJD physician, Dr. Yu, claiming that Yu failed to reissue a "lower bunk/extra mattress" chrono that plaintiff had received at a prison where he was previously housed. (<u>Id.</u> at 13-14.) Yu denied plaintiff's grievance. (<u>Id.</u> at 14.) On June 9, 2015, Defendant Robert Walker, denied plaintiff's grievance at the first level of medical review. (<u>Id.</u>) On August 14, 2015, Defendants Roberts and Glynn denied plaintiff's grievance at the second level of review and J. Lewis, deputy director of the CDCR's Health Care Services Appeals Branch denied plaintiff's grievance at the final level of review on October 12, 2015. On August 21, 2015, plaintiff claims that he fell off his top bunk and injured his knee and hip. (<u>Id.</u> at 16.)

### C.  42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Naffe v. Frye</u>, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D.  Eleventh Amendment Immunity

As an initial matter, the Court finds that to the extent Plaintiff names the State of California or RJD as Defendants in this action, his claims must be dismissed sua sponte pursuant to both 28 U.S.C. § 1915(e)(2) and § 1915A(b) for failing to state a claim and for seeking damages against defendants who are immune. The State of California's Department of Corrections and Rehabilitation and any state prison, correctional agency,

sub-division, or department under its jurisdiction, are not "persons" subject to suit under § 1983. Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001) (citing Hale v. State of Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is an arm of the state, and thus, not a "person" within the meaning of § 1983)). In addition, to the extent that plaintiff seeks to sue the State of California itself for monetary damages, his claims are clearly barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt . . . that [a] suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit.").

Therefore, to the extent Plaintiff seeks monetary damages against the State of California or RJD, these claims are dismissed without leave to amend.

E.      **Individual Liability**

Plaintiff names Clark Kelso, the medical receiver for the CDCR, on the first page of his Complaint. However, nowhere in the body of his pleading does he include "further factual enhancement" which describes when, how, or to what extent, Defendant Kelso actually caused him constitutional injury. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). Plaintiff provides each party's general job description and title, but "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, [he] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Id. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least me degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff has offered no detail from which the Court might reasonably infer a plausible claim for relief based on a violation of any constitutional right as to Defendant Kelso. See Iqbal, 662 U.S. at 678 (noting that Fed.R.Civ.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim for relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 555, 570).

Thus, for this reason alone, the Court finds Plaintiff's Complaint sets forth no facts which might be liberally construed to support any sort of individualized constitutional claim Defendant Kelso. Accordingly, the claims against Kelso must be dismissed on this basis pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). See Lopez, 203 F.3d at 1126-27; Rhodes, 621 F.3d at 1004.

### F. Eighth Amendment Medical Claims

Plaintiff claims that his primary physicians, along with the doctors who responded to his administrative grievances, failed to provide him with adequate medical care. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 103-05 (1976)). "In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" Id.

"To establish an Eighth Amendment violation, a prisoner 'must satisfy both the objective and subjective components of a two-part test.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). "To meet the objective element of the standard, a plaintiff must demonstrate the existence of a serious medical need." Colwell, 763 F.3d at 1066. "Such a need exists if failure to treat the injury or condition 'could result in further significant injury' or cause 'the unnecessary and wanton infliction of pain.'" Id. To meet the subjective element of the standard, a plaintiff must demonstrate "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). "A prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" Colwell, 763 F.3d at 1066.

First, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992), citing Estelle, 429 U.S. at 103-04. At this stage of the proceedings, the Court will presume plaintiff's claims regarding his health care needs are sufficient to plead an objectively serious medical need. The Court also finds that plaintiff has stated claims as to Defendants Yu, Walker, Roberts, Glynn and Lewis sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012).

However, even assuming Plaintiff's medical needs are sufficiently serious, his Complaint still fails to include any further "factual content" to show that Defendants Guldoeth or Gines[2], acted with "deliberate indifference" to his needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Iqbal, 556 U.S. at 678.

With respect to Dr. Guldoeth, plaintiff alleges that Dr. Guldoeth "confirmed his disability" and on December 28, 2015 wrote a "permanent chrono" for plaintiff providing him with a lower bunk. (Docket No. 1 at 19.) He further alleges that Dr. Guldoeth requested an "orthopedic consult" for plaintiff on January 6, 2016. As for Defendant Gines, plaintiff claims he "spoke to [D]efendant Gines" on several occasions in August of 2015 informing Defendant Gines of his various ailments. There are no allegations that Defendant Gines refused to treat plaintiff or provide him with medical care.

Plaintiff's Complaint lacks the "further factual enhancement" which demonstrates that Defendants Guldoeth or Gines made any "purposeful act or failure to respond" to his pain or possible medical need. Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 557;

---

[2] Plaintiff neither identifies "Gines" as a defendant in the caption of his Complaint or in the section following in which he identifies individual defendants. However, Plaintiff refers to a Defendant "Gines" in the body of the Complaint itself. (See Docket No. 1 at 24-25.)

Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012), citing Jett, 439 F.3d at 1096. This is because to be deliberately indifferent, a defendant's acts or omissions must involve more than an ordinary lack of due care. Wilhelm, 680 F.3d at 1122.

Accordingly, the Court finds that Plaintiff's claim against Defendants Gines or Guldoeth fails to state an Eighth Amendment inadequate medical care claim and is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### G.  Fourteenth Amendment Claims

Finally, plaintiff also seeks to bring a due process claim based on the manner in which Defendants responded to his administrative grievances. The Ninth Circuit has held that inmates have no protected property interest in an inmate grievance procedure arising directly from the Due Process Clause. See Ramirez v. Galaza, 334 F.3d 850, 869 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure")). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann, 855 F.2d at 640.

Moreover, Plaintiff pleads no facts to suggest how Defendants' allegedly inadequate review or failure to consider inmate grievances restrained his freedom in any way, or subjected him to any "atypical" and "significant hardship." Sandin v. Conner, 515 U.S. 472, 484 (1995). Therefore, Plaintiff's due process allegations arising from the filing of his administrative grievances are dismissed for failing to state a claim. Because Plaintiff is seeking to hold Defendant Van Buren liable for the rejection of his administrative grievance and does not allege that Van Buren was responsible for any medical decisions arising from his grievances, Defendant Van Buren is also dismissed from this action for failing to state a claim upon which relief may be granted.

///

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's motion to proceed in forma pauperis (Docket No. 3);

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4. **DISMISSES** Defendants State of California and "RJDCF" for failure to state a claim against them pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and because these Defendants are immune from suit under the Eleventh Amendment;

5. **DISMISSES** Defendants Kelso, Guldoeth, Gines, and Van Buren for failure to state a claim against them 28 U.S.C. § 1915(e)(2) and § 1915A(b);

6. **DISMISSES** Plaintiff's Fourteenth Amendment due process claims for failing to state a claim upon which relief may be granted;

7. **DIRECTS** the Clerk to issue a summons as to the <u>remaining</u> Defendants in Plaintiff's Complaint (Docket No. 1) and to send it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Court directs the Clerk to provide Plaintiff with a certified copy of this Order, and a certified copy of his Complaint so that he may serve each Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

///

8.  **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

9.  **ORDERS** the remaining and served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

10. **ORDERS** after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. See S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED.**

Dated: November 15, 2016

_____
Hon. Roger T. Benitez
United States District Judge