```
                                                    FILED

                                                  17 SEP 12 PM 1:48

                                              CLERK, U.S. DISTRICT COURT
                                            SOUTHERN DISTRICT OF CALIFORNIA

                                              BY      RMC        DEPUTY
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS,<br><br>       Plaintiff,<br><br>v.<br><br>DR. JIN YU, et al.,<br><br>       Defendants. | Case No.: 3:16-cv-01998-BEN-JLB<br><br>**ORDER:**<br><br>**1) ADOPTING REPORT AND RECOMMENDATION; and**<br><br>**2) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[Docket Nos. 12, 21]** |

On August 8, 2016, Plaintiff Stephen Dragasits, a state prisoner incarcerated at the Richard Donovan Correctional Facility ("RJD"), and proceeding *pro se* and *in forma pauperis* ("IFP"), filed a complaint alleging several civil rights violations under federal and state law. (Docket No. 1.) On November 15, 2016, this Court *sua sponte* dismissed certain claims and defendants in Plaintiff's Complaint pursuant to its obligation to review and dismiss portions of IFP complaints which are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune. 28 U.S.C. §§ 1915(e)(2)(B), 1915(A)(b). (Docket No. 5.) Thereafter, remaining Defendants Dr. Jin Yu ("Yu"), Dr. R. Walker ("Walker"), Dr. S. Roberts ("Roberts"), Dr. M. Glynn ("Glynn"), and California Department of Corrections and Rehabilitation ("CDCR") Deputy Director J.
1

Lewis (collectively, "Defendants") filed a Motion to Dismiss the remaining claims in Plaintiff's Complaint. (Docket No. 12.) The Motion is fully briefed.

Magistrate Judge Jill L. Burkhardt issued a thoughtful and thorough Report and Recommendation ("Report") recommending this Court grant Defendants' Motion and dismiss Plaintiff's Complaint. (Docket No. 21.) Specifically, Magistrate Judge Burkhardt found that Plaintiff's Complaint fails to state a claim for Eighth Amendment violations or three California state law claims against any of the Defendants. After determining Plaintiff failed to sufficiently allege the existence of a constitutional violation, Magistrate Judge Burkhardt concluded that Defendants are entitled to qualified immunity. The day before objections were due, Plaintiff filed a motion for an extension of time to file his objections, which the Court granted. (Docket Nos. 23-24.) Plaintiff subsequently filed objections to the Report. (Docket No. 25.) Defendant did not file any objections or a reply to Plaintiff's objections. For the reasons that follow, the Report is **ADOPTED**.

## BACKGROUND

The Report and Recommendation carefully details the relevant factual background of this case, which the Court incorporates by reference.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Plaintiff generally objects to the Report's conclusion that he failed to state a claim against all Defendants for deliberate indifference to his serious medical need in violation of the Eighth Amendment. Having conducted a *de novo* review, the Court adopts the Report and Recommendation in full.

Plaintiff's Complaint alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment because they did not issue him a low bunk chrono. (Compl. at 27-34.) In essence, Plaintiff's alleges that Defendants were aware that his placement in an upper bunk put him at a substantial risk of falling from it, and did not take reasonable steps to minimize this risk or protect him from injury. (*Id.* at 28.)

"The Constitution 'does not mandate comfortable prisons[.]'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)). "[B]ut neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment[.]'" *Id.* at 832 (quoting *Helling v. McKinney,* 509 U.S. 25, 31 (1993)). Among other protections, the Eighth Amendment "imposes duties on [prison] officials, who must . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *Id.* at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984)).

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must allege facts to indicate that a defendant was "deliberate[ly] indifferen[t]" to his "serious medical needs." *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)). This includes allegations under "both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference." *Id.* at 1066 (quoting *Snow v. McDaniel,* 681 F.3d 978, 985 (9th Cir. 2012)).

Plaintiff appears to object to the Report on two grounds: 1) that he sufficiently alleged a serious medical need, and 2) that he sufficiently alleged deliberate indifference. (*See* Pl.'s Obj. at 2-3.) Plaintiff did not raise any objections to dismissal of his state law

3

claims. Plaintiff's objections are unfounded. First, the Report clearly states that Magistrate Judge Burkhardt concluded for purposes of the motion to dismiss that Plaintiff sufficiently pled facts to satisfy the serious medical need component noting: "Defendants do not dispute that Plaintiff adequately alleges a serious medical need." (Report at 14.) The Court, having reviewed the parties' briefings, agrees with Magistrate Judge Burkhardt's conclusion. Therefore, Plaintiff's objection on this ground is moot.

Second, as to the sufficiency of Plaintiff's allegations regarding deliberate indifference, the Court agrees that Plaintiff did not allege specific facts from which it may infer any of the Defendants acted with deliberate indifference. "A prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" *Colwell*, 763 F.3d at 1066 (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Colwell*, 763 F.3d at 1066 (quoting *Farmer*, 511 U.S. at 837) (internal quotations marks omitted). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" *Id.* at 1066 (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). However, a plaintiff must allege that one or more defendants acted with more than lack of ordinary due care. *Id.* at 1066 (citing *Farmer*, 511 U.S. at 835).

In his objection, Plaintiff only provides his own general assumptions and legal conclusions that: 1) all Defendants were aware he had previously fallen from his assigned upper bunk; 2) all Defendants failed to take reasonable measures to prevent future falls when they refused to provide him with a lower bunk chrono; and 3) all Defendants were therefore deliberately indifferent to his serious medical needs. Likewise, he argues without providing any factual basis that "Defendants course of treatment was medically unacceptable [sic][.]" (Pl.'s Obj. at 3.)

///

The Court finds Magistrate Judge Burkhardt's analysis sound. In particular, the Report provides thorough analysis tailored to each of the individual Defendants that explains in detail the insufficiency of the Complaint's deliberate indifference allegations, both in their individual and supervisory capacities as alleged in Plaintiff's Complaint. Moreover, the Report's determinations are supported by Plaintiff's own medical records, which he attached to his Complaint.[1] In short, the Court agrees that Plaintiff's Complaint fails to set forth facts to suggest any of the Defendants acted with deliberate indifference, and incorporates by reference Magistrate Judge Burkhardt's analysis on this issue.

## CONCLUSION

For the reasons stated above, the Report and Recommendation is **ADOPTED**, and Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED without leave to amend** as to the following claims:

1. Eighth Amendment claim for denial of Plaintiff's Health Care Appeal against Defendant Walker;
2. Eighth Amendment claims for denial of Plaintiff's Health Care Appeal and deliberate indifference under a supervisory theory of liability against Defendant Roberts;
3. Eighth Amendment claim for denial of Plaintiff's Health Care Appeal against Defendant Glynn; and
4. Eighth Amendment claim for denial of Plaintiff's Health Care Appeal against Defendant Lewis.

Plaintiff's Complaint is **DISMISSED with leave to amend** as to the following claims:

---

[1] In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

1. Eighth Amendment claim for deliberate indifference against Defendant Yu;
2. Eighth Amendment claim for deliberate indifference under a supervisory theory of liability against Defendant Walker;
3. Eighth Amendment claim for deliberate indifference under a supervisory theory of liability against Defendant Glynn;
4. Eighth Amendment claim for deliberate indifference under a supervisory theory of liability against Defendant Lewis; and
5. Plaintiff's state law claims for medical negligence and malpractice under California Government Code Section 845.6, inadequate medical care, and violation of Article 1, Sections 15 and 17 of the California Constitution.

Plaintiff may file a first amended complaint (FAC) on or before **October 30, 2017** that addresses the deficiencies identified in this Order and Magistrate Judge Burkhardt's Report as to the claims Plaintiff has been granted leave to amend. Additionally, Plaintiff need not refile the medical records and other exhibits he included with his initial Complaint; the Court shall incorporate them by reference in the FAC.

**IT IS SO ORDERED.**

DATED: September /2, 2017

HON. ROGER T. BENITEZ
United States District Judge