# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS,<br><br>              Plaintiff,<br><br>v.<br><br>J. YU, *et al*.<br><br>              Defendants. | Case No. 16-cv-01998-BAS-JLB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**[ECF No. 30]** |

Presently before the Court is a motion for a preliminary injunction filed by Plaintiff Stephen Dragasits, a California state prisoner incarcerated at the Richard Donovan Correctional Facility ("RJD"). (ECF No. 30.) Plaintiff alleges that the Defendants violated his Eighth Amendment rights by being deliberately indifferent to his medical needs when he was given top bunk accommodations, which posed a risk of harm to him. (ECF No. 27.) Plaintiff alleges that he fell off the top bunk on three occasions in fall 2015 despite making multiple requests for a lower bunk assignment. (*Id.*) Although Defendants have provided Plaintiff with a permanent lower bunk assignment (ECF No. 38), Plaintiff requests that the Court grant injunctive relief requiring Defendants to provide him an assignment that is not

subject to yearly reevaluation. (*Id.* at 6.) For the reasons herein, the Court **DENIES** Plaintiff's motion for a preliminary injunction.

I.  **LEGAL STANDARD**

A preliminary injunction is an extraordinary relief and drastic remedy and "one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). An injunction may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). The movant has the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants who seek preliminary injunctive relief against prison officials. "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2). As the Ninth Circuit has previously observed, the PLRA places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000).

II.  **DISCUSSION**

   A.  **The Request for Injunctive Relief is Not Moot**

First, the Court addresses Defendants' argument that Plaintiff's request for injunctive relief is moot. Defendants provide evidence showing that Plaintiff was

provided a lower bunk assignment on December 31, 2015. (ECF No. 38 at 6.) They also provide evidence showing that Plaintiff "has a permanent lower bunk chrono with an expiration date of December 31, 9999." (*Id.* at 5 (citing Decl. of T. Johnson ¶¶3–4, Exs. A–B).) Defendants do not provide evidence showing that the permanent lower bunk chrono is not subject to reevaluation, which is the basis of Plaintiff's request for injunctive relief. (ECF No. 30 at 6.) The absence of this evidence prevents the Court from concluding that Plaintiff's motion is in fact moot. *Cf. Williams v. Chau*, No. 3:17-cv-00517-CAB-KSC, 2018 WL 558987, at *7 (S.D. Cal. Jan. 24, 2018) (preliminary injunction request for permanent lower bunk chrono without reevaluation was moot because plaintiff had received accommodation with expiration date of 12/31/9999 *not subject to reevaluation*). Because Plaintiff's request is not moot, the Court proceeds to assess whether Plaintiff has shown that he is entitled to preliminary injunctive relief.

### B. Plaintiff Has Failed to Show Irreparable Harm Necessary for Issuance of a Preliminary Injunction

The Court finds that the issue of whether Plaintiff is entitled to a preliminary injunction at this stage of the proceedings begins and ends with his failure to show irreparable harm.

Irreparable harm has been described as "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction." *See* 11A Wright & Miller, FED. PRAC. & PROC. §2948.1 (3d ed.). When a plaintiff fails to demonstrate a likelihood of irreparable harm without preliminary relief, the court need not address the remaining elements of the preliminary injunction standard. *See Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011). Because the conduct at issue in this case concerns alleged past violations of the law by government actors, Plaintiff is required to establish the threat of future or repeated injury that is both "real and immediate," not merely "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). The Plaintiff must show "that a credible threat exists

that [he] will again be subject to the specific injury for which [he] seek[s] injunctive or declaratory relief." *Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985). The Ninth Circuit has repeatedly admonished that "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Carribean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984).

The Court finds that Plaintiff's request for injunctive relief is based on speculative future injury that is insufficient to constitute irreparable injury. The incidents at issue in Plaintiff's amended complaint occurred on August 3, August 21, and December 27, 2015. (ECF No. 30 at 2.) Even if these incidents resulted in violations of Plaintiff's Eighth Amendment rights, those past violations which occurred nearly two years before the filing of the motion for preliminary injunctive relief do not establish that he is subject to ongoing harm or faces an immediate threat of irreparable harm. *See Midgett v. Tri-Cty. Metro. Transp. Dist.*, 254 F.3d 846, 850 (9th Cir. 2001); *see also Cohea v. Patzloff*, No. 10cv0437 IEG (RBB), 2010 WL 1200342, at *6 (S.D. Cal. Mar. 23, 2010) (finding no irreparable harm because, *inter alia*, the allegations concerned incidents that occurred several years ago). Plaintiff must provide specific facts which clearly show a credible threat of *future* injury. FED. R. CIV. P. 65(b); *see also, e.g., Wallace v. Sosa*, No. 16-cv-01501-BAS-BGS, 2017 WL 469140, at *4 (S.D. Cal. Feb. 3, 2017). Plaintiff has not done so.

Plaintiff concedes that he was provided a permanent lower bunk chrono on December 28, 2015—a mere one day after his final fall. (ECF No. 27 ¶132.) Defendants have also provided evidence of Plaintiff's permanent lower bunk chrono. (ECF No. 38 Ex. B.) Although the Court has found that this evidence does not moot Plaintiff's claim for injunctive relief for a permanent lower back chrono not subject to reevaluation, the evidence does undermine Plaintiff's speculative assertions about future injury simply because the chrono is subject to future review. *See, e.g., Wallace*, No. 2017 WL 469140, at *4 (no showing of irreparable harm to support

injunctive request for single cell status pending release date where plaintiff was placed in single cell status subject to review at a later point). At this point, Plaintiff has a lower bunk assignment with a permanent status. Plaintiff merely asserts that there is a future "risk of being placed on the upper bunk again years later" due to yearly review of his permanent lower bunk chrono, which in turn leads to a "substantial serious risk of falling, and causing serious physical injury again." (ECF No. 30 at 4.) However, the possibility of some remote future injury is insufficient to warrant injunctive relief. *See Winter*, 555 U.S. at 20. This is particularly true when, as here, the threat of injury is contingent on a series of speculative occurrences. The Court would need to assume that review of Plaintiff's permanent lower bunk assignment would result its rescission at some indeterminate point, Plaintiff would be placed on a top bunk, Plaintiff would fall off the top bunk at some indeterminate point thereafter, and Plaintiff would sustain physical injuries. The issuance of a preliminary injunction is not appropriate to mitigate against these mere possibilities and assumptions.

### III. CONCLUSION & ORDER

Because Plaintiff has received a permanent lower bunk assignment and has failed to show he is likely to suffer irreparable harm in the future simply because the assignment is subject to review at a later date, the Court **DENIES** Plaintiff's motion for a preliminary injunction. (ECF No. 30.)

**IT IS SO ORDERED.**

DATED: February 14, 2018

Hon. Cynthia Bashant
United States District Judge