# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS,<br><br>              Plaintiff,<br><br>   v.<br><br>J. YU, *et al*.<br><br>             Defendants. | Case No. 16-cv-01998-BAS-JLB<br><br>**ORDER:**<br><br>**(1) APPROVING AND ADOPTING REPORT & RECOMMENDATION IN FULL**<br><br>**[ECF No. 46];**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 36];**<br><br>**(3) DISMISSING DEFENDANTS WALKER, GLYNN, ROBERTS, AND LEWIS WITH PREJUDICE;**<br><br>**AND**<br><br>**(4) DISMISSING CLAIMS AGAINST DEFENDANT YU WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND** |

## I. BACKGROUND

Plaintiff Stephen Dragasits is a prisoner incarcerated at the Richard J. Donovan Correctional Facility in San Diego, California. Proceeding *pro se* and *in forma*

*pauperis*, Plaintiff initiated this civil action pursuant to 42 U.S.C. § 1983 on August 8, 2016 related to his repeated requests for a lower bunk as well as his complaints regarding several other medical issues. He alleged that the State of California, the Facility, several healthcare officials, and a Deputy Director of the California Department of Corrections and Rehabilitation's ("CDCR") Health Care Services Appeals Branch violated his Eighth Amendment, Fourteenth Amendment, and California state law rights to proper medical treatment and due process as a part of these denials. (ECF No. 1.)

The pleadings in this case have undergone multiple rounds of review. Several Defendants and Plaintiff's Fourteenth Amendment claims asserted in the original complaint were dismissed pursuant to a mandatory screening under 28 U.S.C. §§ 1915 and 1915A by then presiding Judge Roger Benitez. (ECF No. 5.) After that screening, remaining Defendants Dr. Jin Yu, Dr. R. Walker, Dr. S. Roberts, Dr. M. Glynn, and CDCR Deputy Director J. Lewis moved to dismiss the remaining claims against them. (ECF No. 12.) Upon a Recommendation and Report (R&R) issued by Magistrate Judge Jill Burkhardt in July 2017 (ECF No. 21) and over an objection by Plaintiff (ECF No. 25), Judge Benitez (1) dismissed without leave to amend Plaintiff's Eighth Amendment claims against Defendants Walker, Roberts, Glynn, and Lewis relating to denials of Plaintiff's healthcare appeals and (2) dismissed with leave to amend Plaintiff's Eighth Amendment claims for deliberate indifference against Defendants Yu, Walker, Glynn, and Lewis and Plaintiff's state law claims for medical negligence and malpractice. (ECF No. 26.) Thereafter, Plaintiff filed a First Amended Complaint ("FAC") on October 10, 2017. (ECF No. 27.)

The remaining Defendants in this case have once again moved to dismiss all claims against them. (ECF No. 36.) Before the Court is Judge Burkhardt's thirty-one page R&R, which extensively analyzes Plaintiff's claims in the First Amended Complaint and the 959 pages of exhibits incorporated into the FAC. (ECF No. 46.) Judge Burkhardt recommends that this Court grant Defendants' motion to dismiss in

its entirety. For the reasons herein, the Court (1) approves and adopts the R&R in full, (2) grants Defendants' motion to dismiss, and (3) grants Plaintiff leave to amend the pleadings solely as to Defendant Yu.

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## III. DISCUSSION

In this case, the deadline for filing objections to the R&R was July 19, 2018. (ECF No. 46 at 31.) However, no objections have been filed, and neither party has requested additional time to do so. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the FAC (ECF No. 27), Defendants' motion to dismiss (ECF No.

36), Plaintiff's opposition (ECF No. 40), and the R&R (ECF No. 46), this Court concludes that each of Judge Burkhardt's recommendations is amply supported and adopts them.

### A. Eighth Amendment Claims Against Defendant Yu

*First*, the R&R properly recommends dismissal of Plaintiff's Eighth Amendment claims against Defendant Yu. As the R&R observes, prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment only when they act with deliberate indifference to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To satisfy the deliberate indifference requirement, a prison official must know of and disregard an excessive risk to the inmate's health and safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2002) (citing *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)). Inadequate treatment due to malpractice, gross negligence, and differences in judgment between a prisoner and prison official regarding an appropriate medical diagnosis and course of treatment do not amount to a constitutional violation. *See Estelle*, 429 U.S. at 106; *Toguchi*, 391 F.3d at 1060; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)

Based on an extensive, thorough, and sound analysis of the FAC and the documentary record Plaintiff submitted with the FAC, the R&R correctly concludes that Plaintiff has failed to state an Eighth Amendment against Dr. Yu regarding an alleged failure to provide, or a delay in the provision of, medical care on the basis of: (1) Dr. Yu's alleged knowledge of Plaintiff's medical history and complaints of pain, (2) Dr. Yu's alleged knowledge of Plaintiff's prior falls from his top bunk, (3) Dr. Yu's alleged knowledge that Plaintiff's prison cell lacked a ladder, (4) Dr. Yu's alleged knowledge that Plaintiff's prescribed medication would cause Plaintiff to fall off the top bunk, (5) Dr. Yu's (and the remaining Defendants) alleged disregard of the lower bunk policy applicable to the prison, and (6) Dr. Yu's alleged disregard of prior medical opinions from different medical providers recommending a lower bunk for Plaintiff. (ECF No. 46 at 9–24.)

### B. Claims Against Supervisory Defendants

*Second*, the R&R properly recommends dismissal of Plaintiff's claims against Defendants Walker, Glynn, Lewis, and Robert. (ECF No. 46 at 24–27.) As the R&R correctly observes, under Section 1983, "[a] supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a 'sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). There is no vicarious liability for civil rights violations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–76 (2007); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

As an initial matter, the R&R correctly concludes that Plaintiff cannot reassert claims that were already dismissed with prejudice by prior orders. Because the Eighth Amendment claim against Defendant Roberts was previously dismissed with prejudice by Judge Benitez (ECF No. 26 at 5), Plaintiff's allegations in the FAC against Roberts are improper and that claim remains dismissed. (ECF No. 46 at 26.) Plaintiff's reasserted claims against Defendants Walker, Glynn, and Lewis due to their review of Plaintiff's healthcare appeals are also improper because such claims were also dismissed with prejudice by Judge Benitez. (ECF No. 26 at 5; ECF No. 46 at 27.)

With respect to the claims against the supervisory Defendants that Plaintiff was permitted to amend, the R&R correctly concludes that the FAC fails to cure previously identified deficiencies. Although Plaintiff alleges that Defendants Walker and Roberts personally participated in the Eighth Amendment violations against Plaintiff, Plaintiff once more has failed to allege sufficient factual allegations to support this assertion. (ECF No. 46 at 24–25.) The R&R further correctly concludes that Plaintiff otherwise fails to provide sufficient factual allegations to support Section 1983 claims against Defendants Walker, Glynn, and Lewis in their supervisory roles. Plaintiff has failed to state underlying constitutional violations by

Defendants Yu, Walker, or Roberts and thus he cannot establish a causal connection between the supervisory Defendants' conduct and a constitutional violation. (*Id.* at 27 (citing *Hallman v. Cate*, 483 Fed. App'x 381, 381 (9th Cir. 2012); *Roman v. Knowles*, 07-cv-1343-JLS (POR), 2009 WL 1675863, at *4 (S.D. Cal. June 15, 2009)). Dismissal of the claims against these Defendants is thus proper.

### C. Leave to Amend

*Third*, the R&R properly recommends granting Plaintiff a final opportunity to amend the allegations against Defendant Yu, but denying further amendment as to any other Defendant. (ECF No. 46 at 27–29.) As the R&R correctly observes, a court should grant leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), when justice so requires "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citation omitted).

With respect to Defendant Yu, the R&R observes that Plaintiff has suggested in his opposition to Defendants' motion to dismiss that Defendant Yu "was taking away Plaintiff's lower bunk chrono in retaliation" for Plaintiff's filing of a grievance. (ECF No. 46 at 28 (citing ECF No. 40 at 26).) Plaintiff further contends that after he filed his grievance, "Defendant Yu would no longer discuss or report anything Plaintiff had to say, and began to dismiss him from his office and ignored Plaintiff from anything else he had to say." (*Id.*) The R&R implicitly construes this as a request for leave to amend and determines it is not absolutely certain that "any attempt to amend Plaintiff's claims against Defendant Yu would be futile[.]" (ECF No. 46 at 28.) Although this Court has concerns with the fact that Plaintiff has never alleged retaliation by Defendant Yu in the two years this case has been pending and only did so in response to a second motion to dismiss, the Court agrees that the prudent course is to permit Plaintiff, as a *pro se* litigant, an additional opportunity to amend his allegations regarding Defendant Yu. *See, e.g., Haines v. Kerner*, 404 U.S.

519, 520 (1972) ("however inartfully pleaded," allegations by a *pro se* plaintiff must be held "to less stringent standards than formal pleadings drafted by lawyers."); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (courts should construe *pro se* pleadings liberally and afford the plaintiff any benefit of the doubt).

With respect to Defendants Walker, Glynn, Roberts, and Lewis, the R&R correctly recommends that all claims against them should be dismissed with prejudice because amendment would be futile. (ECF No. 46 at 28–29.) As the R&R properly concludes, Plaintiff (1) has been provided with thorough notice of the deficiencies in his pleadings against these Defendants and has failed to cure them in the FAC and (2) the extensive documentary record Plaintiff has submitted as part of his pleadings shows that "he cannot allege any set of facts that would constitute a valid and sufficient claim" against them. (*Id.* at 29.) Accordingly, the Court will not permit further amendment of the claims against these Defendants and will not entertain any further attempts by Plaintiff to reassert claims against them.

### D. State Law Claims

As a final matter, the R&R correctly concludes that because the FAC fails to state any federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's multiple California state law claims. (ECF No. 46 at 30–31.) Because the parties in this case are all citizens of California, the federal claim provided the only basis for federal subject matter jurisdiction. (ECF No. 21 at 33.) Under 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This is the usual case. This Court, like Judge Benitez (ECF No. 26), adopts the second R&R's recommendation to decline supplemental

jurisdiction over the state law claims given that Plaintiff's federal claims are subject to dismissal.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. The Court **APPROVES AND ADOPTS** the R&R (ECF No. 46) in full.

2. The Court **GRANTS** Defendants' motion to dismiss (ECF No. 36) as follows:

   a. The Court **DISMISSES** Plaintiff's Eighth Amendment and Section 1983 claims against all Defendants and **DECLINES** supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c).

   b. The Court **DISMISSES WITH PREJUDICE** Defendants Walker, Glynn, Roberts, and Lewis. The Court will not entertain any new allegations or claims by Plaintiff against these Defendants.

   c. The Court **DISMISSES WITHOUT PREJUDICE** the claims against Defendant Yu.

3. The Court **GRANTS** Plaintiff leave to amend the allegations against Defendant Yu only. Plaintiff may file his motion and proposed amended complaint **no later than August 31, 2018**. **If Plaintiff fails to meet the August 31, 2018 deadline, the Court will instruct the Clerk of the Court to close the case**.

Any amended complaint Plaintiff files must comply with the requirements of Local Civil Rule 8.2 governing complaints filed by prisoners under § 1983, which provides:

> "Additional pages not to exceed fifteen (15) in number may be included with the court approved form complaint, provided the form is completely filled in to the extent applicable in the particular case. The court approved form and any additional pages submitted must be written or typed on only

one side of a page and the writing or typewriting must be no smaller in size than standard elite type. **Complaints tendered to the clerk for filing which do not comply with this rule may be returned by the clerk, together with a copy of this rule, to the person tendering said complaint**." S.D. Cal. Civ. L.R. 8.2 (emphasis added).

**IT IS SO ORDERED.**

DATED: July 27, 2018

Hon. Cynthia Bashant
United States District Judge