# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS,<br><br>                  Plaintiff,<br><br>  v.<br><br>DR. JIN YU,<br><br>                  Defendant. | Case No. 16-cv-1998-BAS-JLB<br><br>**ORDER:**<br><br>**(1) APPROVING AND ADOPTING REPORT AND RECOMMENDATION**<br><br>**[ECF No. 58];**<br><br>**(2) GRANTING DEFENDANT YU'S MOTION TO DISMISS**<br><br>**[ECF No. 51];**<br><br>**(3) DISMISSING WITH PREJUDICE SECTION 1983 CLAIMS IN THE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 50];**<br><br>**(4) DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS;**<br><br>**AND**<br><br>**(5) CLOSING CASE** |

Plaintiff Stephen Dragasits, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this suit in August 2016 against ten defendants at the R.J. Donovan Correctional Facility (RJD), alleging violations of his Eighth and Fourteenth Amendment rights under Section 1983 and a host of California state law claims, all stemming from a lower bunk chrono Plaintiff desired. (ECF Nos. 1, 5.) Nearly two and half years later after a mandatory screening of Plaintiff's complaint and two prior motion to dismiss orders, the case remains at the pleading stage. The operative Second Amended Complaint (SAC) alleges First and Eighth Amendment claims under Section 1983 and several state law claims against remaining Defendant Yu. (ECF No. 50.) Yu has moved to dismiss. (ECF No. 51.)

On January 15, 2019, Magistrate Judge Jill Burkhardt issued an extensive Report and Recommendation (R&R) on Defendant Yu's motion to dismiss the SAC. (ECF No. 58.) Judge Burkhardt recommends that the Court grant Yu's motion, dismiss with prejudice Plaintiff's federal claims against Yu, and decline supplemental jurisdiction over any state law claims. (*See generally* ECF No. 58.) Objections to the R&R were due by February 12, 2019. (*Id*. at 23.) This Court *sua sponte* extended the time for Plaintiff to file any objections until February 27, 2019. (ECF No. 61.) The Court has not received a timely objection from Plaintiff.

For the following reasons, the Court (1) approves and adopts the R&R in its entirety, (2) grants Defendant Yu's motion to dismiss the SAC, (3) dismisses Plaintiff's Section 1983 claims, (4) declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and (5) closes this case.

## DISCUSSION

The Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or

– 2 –

16cv1998

in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear," however, "that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This legal rule is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a[n] R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

In this case, the deadline for Plaintiff to file any objections to the R&R was February 27, 2019. (ECF No. 61.) No timely objections have been lodged. Consequently, the Court may adopt the R&R on that basis alone. *See Reyna-Tapia*, 328 F.3d at 1121. Nonetheless, having conducted a *de novo* review of the SAC, the motion to dismiss papers, and the R&R, the Court concludes that Judge Burkhardt's reasoning is sound and her recommendations are proper.

*First*, Plaintiff's 56-page SAC, accompanied by 326 pages of exhibits, is subject to dismissal pursuant to Rule 8 because it is overly verbose, repetitive, and fails to comply with the page limitations applicable to prisoner civil rights complaints and multiple court orders regarding these limitations. Fed. R. Civ. P. 8; S.D. Cal.

L.R. 8.2 ("[c]omplaints by prisoners under the Civil Rights Act, 42 U.S.C. § 1983" are to be written on forms "supplied by the court" and any "additional pages [are] not to exceed fifteen (15) in number."); (ECF Nos. 46, 47; *see also* ECF No. 58 at 11.)

*Second*, Plaintiff has re-alleged an Eighth Amendment claim pertaining to his lower bunk chrono, which the Court has already found does not state a claim. The claim is therefore subject to dismissal once more. (ECF No. 58 at 11–12.)

*Third*, Plaintiff's newly alleged First Amendment retaliation claim against Defendant Yu fails to state a claim. (*Id.* at 12–19.) An inmate suing a prison official for retaliation pursuant to Section 1983 must allege sufficient facts that show: (1) the prison official took some adverse action against the inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Although an inmate must "allege a causal connection between the adverse action and the protected conduct," *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012), Plaintiff cannot show a causal connection between his May 13, 2015 appeal of Yu's decision not to renew Plaintiff's lower bunk chrono and Yu's June 5, 2015 follow-up decision not to renew. As Judge Burkhardt reasoned, unlike Plaintiff's opposition to Defendants' second motion to dismiss, Plaintiff omits any allegations of retaliatory motive by Yu. (ECF No. 58 at 15.) Setting aside Plaintiff's failure to allege such a motive, there is also no chronology of events from which retaliatory motive can be inferred. Yu had already decided to deny Plaintiff's request for a lower bunk chrono before Plaintiff ever pursued his May 13, 2015 appeal and expressly told Plaintiff he would review Plaintiff's x-rays to better understand the medical issues.

– 4 –

(*Id*. at 16.) Yu's June 5, 2015 follow-up decision—which Plaintiff points to as retaliation—was expressly based on Plaintiff's lack of medical need as reflected in Plaintiff's x-rays, consistent with the statements Yu made when he first denied Plaintiff's request. (*Id*.) These circumstances do not plausibly show that Yu had a retaliatory motive against Plaintiff for the appeal.

Although Plaintiff's failure to show that Yu possessed a retaliatory motive is sufficient to dismiss Plaintiff's First Amendment claim, the Court additionally agrees with Judge Burkhardt's conclusions regarding other elements of a First Amendment retaliation claim. Plaintiff has failed to allege that Yu's decision not to renew Plaintiff's chrono would chill a person of ordinary firmness from further appeal of the decision given that Yu in fact encouraged Plaintiff to pursue his appeal. (*Id.* at 17–18.) Plaintiff has otherwise failed to show that Yu's decision lacked a legitimate penological interest because "the medical documents Plaintiff attaches to his SAC are replete with evidence that Defendant Yu's decision reflected his medical judgment based upon the medical record before him." (*Id.* at 18.)

*Fourth*, the Court agrees that because Plaintiff has failed to allege First and Eighth Amendment violations for his federal Section 1983 claims, it is proper for the Court to decline supplemental jurisdiction over the SAC's state law claims. (ECF No. 58 at 19); *see* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims."). Dismissal of Plaintiff's claims obviates the need to address Plaintiff's requests for injunctive relief because such requests are not independent claims. *See Pemberton v. Nationstar Mortg. LLC*, 331 F. Supp. 3d 1018, 1063 (S.D. Cal. 2018).

*Fifth*, and finally, the Court agrees that Plaintiff should not be permitted leave to amend his Section 1983 claims. (ECF No. 58 at 21–22.) Plaintiff has already been permitted to amend his pleadings twice. Despite these opportunities, Plaintiff has repeatedly failed to correct expressly identified deficiencies in his Eighth Amendment claim. *See Smith v. Solis*, 331 Fed App'x 482, 482-83 (9th Cir. 2009) ("The district court properly dismissed the action with prejudice because Smith's second amended complaint did not state a claim for deliberate indifference and [pro se plaintiff] Smith failed to correct the defects."). Plaintiff has also failed to allege in his First Amendment claim the very facts which this Court found warranted a final opportunity to amend to add such a claim despite the fact that Plaintiff did not raise a whiff of a First Amendment claim until Defendants moved to dismiss for a second time. It is not an abuse of discretion to deny Plaintiff a third opportunity to amend his pleadings. *See, e.g., Dutciuc v. Meritage Homes of Ariz., Inc.*, 462 Fed. App'x 658, 660 (9th Cir. 2011) (plaintiff failed to show that district court abused its discretion in refusing to allow a fourth amended complaint). Any amendment by Plaintiff to his First Amendment claim would also be futile because Plaintiff cannot allege any facts that would show that Defendant Yu's actions created a chilling effect or did not reasonably advance a legitimate correctional goal. (ECF No. 58 at 22.) It is therefore appropriate to deny Plaintiff leave to amend his First and Eighth Amendment claims. Accordingly, the Court approves and adopts the R&R in its entirety.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **APPROVES AND ADOPTS** the R&R (ECF No. 58) and **GRANTS** Defendant Yu's motion to dismiss (ECF No. 51). The Court **DISMISSES WITH PREJUDICE** Plaintiff's Section 1983 claims against Defendant Yu and **DECLINES TO EXERCISE** supplemental jurisdiction over the state law claims asserted in the SAC pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall close the case.

Hon. Cynthia Bashant
United States District Judge

**IT IS SO ORDERED.**

**DATED: March 6, 2019**